UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES GAINES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-10894-LTS |
| HAROLD W. CLARKE, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S RENEWED MOTION TO APPOINT COUNSEL.

May 18, 2010

SOROKIN, M.J.

The pro se inmate Plaintiff, James Gaines, brings suit against three Department of Corrections officials as well as the Medical Director of UMass Correctional Health Services (UMCHS), alleging that the Defendants have violated his constitutional rights and the Americans With Disabilities Act (ADA) by their deliberate indifference to his serious medical needs (i.e., his morbid obesity) and their discriminatory failure to provide necessary medical services. Docket #s 1, 6. The Defendants assert that there are no genuine disputes of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Docket #s 55 and 63. For the following reasons, the Defendants' motions for summary judgment are ALLOWED.

1

I.  PROCEDURAL AND FACTUAL BACKGROUND[1]

Gaines filed suit on May 21, 2008, and filed an Amended Complaint on June 23, 2008. Docket #s 1, 6.  Gaines never effected service of the Amended Complaint upon Defendant Clacherty, and accordingly the claims directed against him are DISMISSED for that reason pursuant to Fed. R. Civ. P. 4(m).  See Docket # 10.

Gaines is incarcerated within the Massachusetts Corrections system. Docket # 66 at ¶ 1. Defendants Harold W. Clarke and Peter St. Amand are the Commissioner and former Superintendent of the Massachusetts Department of Corrections (DOC), respectively. Id. at ¶¶ 2-3.  Defendant Arthur Brewer is the Medical Director of UMass Correctional Health Services, which provides medical services to DOC inmates. Brewer, SUMF[2] at ¶ 3; Id. at ¶ 4.  The crux of Gaines' claim is that he is morbidly obese and therefore requires specially-ordered clothing and

---

[1] Further facts will be delineated as necessary to the analysis, infra.  Gaines has not submitted a Statement of Material Facts In Dispute, as is required by L.R. 56.1, nor has he otherwise opposed the Defendants' motions or sought to extend the period within which to make his opposition. He renewed his motion to appoint counsel in part on the basis that he is unable to oppose Brewer's summary judgment motion without assistance (the DOC Defendants' motion having not yet been filed). Docket # 59.  Because the Defendants have demonstrated that they are entitled to judgment as a matter of law solely on the basis of Gaines' failure to exhaust administrative remedies (see infra, at 5-7), Gaines' motion to appoint counsel is fruitless and is DENIED.

[2] With the Court's permission, the Defendants have filed their memoranda, L.R. 56.1 Statements of Undisputed Material Facts and supporting exhibits manually under seal (due to the presence of medical information), with the result that no docket numbers have been assigned to these documents to date.  The Court will cite to their Statement of Undisputed Facts as "[Party], SUMF," and to the exhibits as "[party] Ex. [x]" throughout this Order.

2

shoes in large sizes which the Defendants have refused to provide or obtain, with the result that Gaines' obesity (and related conditions) have worsened. On October, 29, 2008, this Court dismissed claims brought against Clarke and St. Amand for money damages in their official capacities, and dismissed claims for money damages against the same defendants brought under the ADA. Docket # 31.

Although the Defendants also sought dismissal on the grounds that Gaines had failed to administratively exhaust his claims (see infra, at 5-7), the Court declined to convert their Rule 12 motion into a Rule 56 summary judgment at that time. Id. at 2. Rather, in an attempt to resolve the underlying dispute, the Court ordered Gaines to make a filing identifying each article of clothing he required as of the filing date, specifying the appropriate size and quantity required. Id. at 3. Defendants St. Amand and Clarke were ordered to respond, indicating for each article of clothing listed by Gaines: (1) whether or not, in their view, he is entitled to each such item at the Commonwealth's expense, as well as the basis for that determination; (2) on what date the Commonwealth has provided, or will provide, those items to which the Plaintiff is entitled at Commonwealth expense, and, (3) from what source and by what procedure the remaining articles of clothing may be obtained by him at his own expense (provided they are permitted by Department of Corrections regulations). Id.

This effort produced no meaningful results as Gaines at first simply re-listed the items to which he believed he was entitled (rather than listing those he possessed) and subsequently would not cooperate with an inventory by the Defendants. See Docket #s 33; 35, 35-1, 37. The response eventually produced by the Defendants was likewise not a model of clarity. See Docket # 44.

The Defendants now move for summary judgment on all claims, asserting that (1) Gaines' claims have not been administratively exhausted; (2) that Gaines will be unable to prove that they were deliberately indifferent to his serious medical needs; (3) that Gaines will be unable to prove that the Defendants did not reasonably accommodate his disability; (4) that there is no respondeat superior liability under Section 1983 and there is no affirmative link between the challenged conduct and the Defendants; and, (5) that the Defendants are in any event entitled to qualified immunity.   For the following reasons, their Motions are ALLOWED.

II.   DISCUSSION

Applicable Standard.

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991)(quoting Gearset v. Oslo Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990)). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rogan v. City of Boston, 267 F.3d 24, 26 (1st Cir.2001) (citing Fed. R. Civ. P. 56(c)). Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir.1995)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  Moreover, the Court is "obliged to view the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great American

Ins. Co., 6 F.3d 836, 841 (1st Cir.1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir.2009).

    Exhaustion of Administrative Remedies

The Defendants assert that Gaines has not adequately exhausted his administrative remedies prior to filing suit, as is mandated by the Prison Litigation Reform Act of 1995 (PLRA). Both Federal and State law expressly require inmates to exhaust available grievance procedures before going to court. The exhaustion provision of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement extends to available administrative appeals as well as to primary grievance procedures and applies to all suits about prison life, whether general circumstances or particular episodes. Alexander v. Univ. of Mass. Med. Sch., 2009 WL 4030815, at * 1 (D.Mass.2009)(Stearns, J.)(citing Porter v. Nussle, 534 U.S. 516, 532 (2002)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). M.G.L. c. 127, § 38F likewise establishes an exhaustion requirement similar to that of the PLRA. Ryan v. Pepe, 65 Mass.App.Ct. 833, 835 (2006).

    Exhaustion as to Defendant Brewer

UMCH maintains a Clinical Grievance Policy Mechanism. See Brewer Ex. U. The policy is available to all inmates and is posted within the facility. Id. The UMCH policy

provides that denials of appeals of grievances may be appealed to the Massachusetts Department of Correction Health Services Division. Id.  On April 7, 2008, Gaines filed a grievance with the UMCH Health Services Administrator concerning "medical orders for footwear and clothing." Brewer, Ex. I.  That grievance was denied on April 14, 2008. Brewer, Ex. J.  On April 19, 2008, Gaines appealed the grievance decision to the UMCH Medical Director, Brewer. Brewer, Ex. K.  Gaines next filed the above-entitled action on May 21, 2008.  Docket # 1.  His grievance appeal was denied on June 26, 2008, and the notice of that decision included a notification that Gaines could appeal the decision to the DOC. Brewer, Ex. L.  Gaines did not appeal the decision. Brewer, Exs. I, T.

   Thus Gaines has failed to properly exhaust his administrative remedies with regard to UMCH in two respects: first, he filed his lawsuit in this Court prior to the ruling on the grievance appeal to the UMCH Medical Director; and, second, because he did not appeal the ultimate denial of that appeal to the DOC.  Accordingly, Defendant Brewer's Motion for Summary Judgment (Docket # 55) is ALLOWED.

   <u>Exhaustion as to Defendants St. Amand and Clarke</u>

   DOC also has a grievance process, promulgated at 103 C.M.R. 491 ff.; DOC Ex. A. Inmates may filed grievances by means of a grievance form to be submitted to the Institutional Grievance Coordinator. 103 C.M.R.491.09.  Denials by the Grievance Coordinator may be appealed to the Superintendent. 103 C.M.R.491.12.  Administrative remedies are exhausted only when the inmate has appealed unfavorable decisions to the Superintendent. DOC Ex. A.

   Between April 7, 2008, and May 3, 2009, Gaines filed four grievances concerning his medical care, and in particular his clothing, footwear medications and diet. DOC Ex. A at ¶¶ 6-7

The above-entitled action was filed on May 21, 2008. Docket # 1.  Since the PLRA requires exhaustion of administrative remedies prior to the filing of suit (see 42 U.S.C. § 1997e(a)), only events prior to that date are relevant to the exhaustion analysis.

Only one of Gaines' four grievances was filed prior to the filing of the lawsuit, namely Grievance No. 33236, filed on April 7, 2008, requesting that the Department provide him with underwear, tee shirts, long-sleeve underwear, a coat, footwear and $150,000 in damages.  DOC Ex. A-2.[3]  That grievance was partially allowed on May 16, 2008 (in that Gaines was advised as to the DOC procedures relating to state-issued clothing), and was otherwise denied.  DOC Ex. A-3.  Gaines did not appeal that grievance to the Superintendent.  DOC Ex. A at ¶ 9.  Instead, Gaines filed the instant lawsuit five days after the Grievance Coordinator's ruling.  Docket # 1. Accordingly, Gaines' claims against Clarke and St. Amand are not properly exhausted.  Their Motion for Summary Judgment (Docket # 63) is  ALLOWED.[4]

---

[3] Three additional grievances were filed subsequent to filing of this lawsuit, on June 18, 2008, April 7, 2009, and April 24, 2009.  DOC Ex. A.

[4] The Court notes that even had the claims here advanced by Gaines not been barred by PLRA exhaustion doctrine, he nevertheless would not have prevailed on the merits.  The factual record does not permit the conclusion that either Clarke or Amand was deliberately indifferent to Gaines' serious medical needs, but rather that they were responsive to his complaints and that substantial DOC resources were expended to get to the root of his problem and to explain to Gaines the procedural steps for obtaining the desired items of clothing.  See, e.g., Docket # 6-3 at 18-22; See also Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162-63 (1st Cir.2006)(twenty-two month delay in implementing medical recommendation for orthotic footwear does not support Eighth Amendment liability); Silva v. Clarke, 603 F.Supp.2d 248, 251 (D.Mass.2009)(Gorton, J.)(refusal to follow recommendation of medical provider to permit inmate to order wider sneakers to accommodate custom made orthotics not actionable under Eighth Amendment).  The factual record does not support the conclusion that Central Inmate Clothing and Keefe Commissary do not carry the sizes Gaines requires.  See Docket # 39-2 at 12. Similarly, the factual record does not permit the conclusion that the Defendants with a discriminatory purpose to deprive Gaines of medical care or services or programs covered by the ADA.  See Kiman v. N.H. Dept. of Corr., 451 F.3d 274, 283 (1st. Cir.2006).

CONCLUSION

The Plaintiff's renewed Motion to Appoint Counsel (Docket # 59) is DENIED.  All claims directed against Defendant against Kenneth Clacherty are DISMISSED pursuant to Fed. R. Civ. P. 4(m).  Defendant Arthur Brewer M.D.'s Motion for Summary Judgment (Docket # 55) is ALLOWED.  The Motion for Summary Judgment of Defendants Harold W. Clarke and Peter St. Amand (Docket # 63) is ALLOWED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge